IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAVELL ROBINSON, K54251, )
)
    Plaintiff, )
)
v. ) Case No. 3:15-cv-00512-SMY-RJD
)
MARK PHILLIPS, *et al.*, )
)
    Defendants. )

## ORDER

DALY, Magistrate Judge:

Before the Court is the defendants' Motion to Reconsider. (Doc. 53). The defendants ask the Court to reconsider a prior order (Doc. 51) denying them leave to file an amended answer. The defendants would like to file an amended answer in order to raise the affirmative defense of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); their initial answer lacks this affirmative defense.

The Court agrees with the defendants that the *Heck* defense may have different results, depending on scope of plaintiff's claims and the prior conviction(s) that forms the basis of the *Heck* defense. The general holding of *Heck* is a prisoner plaintiff may not file a § 1983 action if a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U.S. at 487, 114 S. Ct. at 2372. In some instances the *Heck* defense may operate as a total bar to suit, such as where a plaintiff attempts to bring a malicious prosecution claim in regards to a conviction that has not yet been expunged. Other applications are more nuanced. For instance, in *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008), the Seventh Circuit held that a prisoner plaintiff's excessive force claims were not barred under *Heck*, despite the fact that the plaintiff himself was found guilty (and lost good time credit) for assaulting a correctional officer

1

during the same incident that formed that basis of the lawsuit. The Court stated that plaintiff's argument of "[t]he guards violated my rights by injuring me, whether or not I struck first" did not necessarily imply the invalidity of the ruling of the prison disciplinary committee. *Id*. at 902.

In this case, the defendants failed to raise the *Heck* defense in their answer. The defendants later sought leave to file an amended answer, but the Court denied the request and found that the defendants had waived the *Heck* defense.

The defendants have now filed a motion to reconsider, arguing that "existing precedent bars plaintiff from challenging the findings of the adjustment committee which revoked good conduct credits regardless of whether *Heck* was raised as an affirmative defense." In other words, defendants argue that plaintiff should be barred at trial from contesting the decisions of the disciplinary committee regardless of whether or not they raised *Heck* as an affirmative defense. The Court is cognizant of the distinction between the methods in which *Heck* may be applied, but none of the cases cited by the defendants specifically support their proposition. The Seventh Circuit in *Carr v. O'Leary*, 167 F.3d 1124, 1126 (7th Cir. 1999) clearly stated that "[t]he failure to plead the Heck defense in timely fashion was a waiver[.]" The defendants' argument appears to be at odds with this holding; the defendants seem to concede that the waiver of *Heck* may apply to claim dismissal, but they argue that plaintiff should still be precluded from presenting evidence or argument at trial that contests the disciplinary rulings. However the application of the *Heck* defense is the same in both situations, it merely achieves different results.

The defendants' motion to reconsider is denied.

SO ORDERED.
DATED: **June 9, 2017.**

*s/ Reona J. Daly*
REONA J. DALY
UNITED STATES MAGISTRATE JUDGE